IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
AUG 22 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| Charles J. Cooper, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11cv788 (JCC/TRJ) |
| | ) | |
| Mrs. Hopkins, et al., | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Charles J. Cooper, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he has suffered deliberate indifference to his serious medical needs. Plaintiff has applied to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

Plaintiff, who is confined at Sussex II State Prison, alleges that on March 22, 2011, Nurse

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Hopkins came to his cell and gave him a questionnaire to fill out about tuberculosis ("TB") testing. Plaintiff stated on the form that he is a TB converter and informed the nurse verbally that he doesn't need to take the TB injection.[2]   However, Nurse Hopkins responded that she didn't have any paperwork to verify plaintiff's statement and informed plaintiff that if he didn't take the injection he would be locked up in isolation, so plaintiff took the injection. Two days later, another nurse came to plaintiff's cell to check out his cellmate's arm, and when plaintiff asked if his arm would be checked too the nurse said that plaintiff was not on her list. Plaintiff alleges that he has not been seen in the medical department despite the fact that his arm has swollen up at the injection site, he has a quarter-size scar on his arm, and he has been experiencing other symptoms like coughing, night sweats, and shortness of breath. Plaintiff alleges that Nurse Hopkins has caused him to suffer cruel and unusual punishment and exhibited deliberate indifference to his serious medical needs.  Also named as defendants in the initial complaint are T. Moore, the Medical Administrator at Sussex II, who allegedly violated his contract with the Virginia Department of Corrections ("VDOC") and Prison Health Services ("PHS");  Assistant Warden M. Vargo, who allegedly became a "co-conspirator" and "accessory after the fact of the alleged civil rights violation" when she denied plaintiff's inmate request for an  incident report concerning his TB shot; and Mr. R. Woodson and Mrs. Massenburg, who denied plaintiff's inmate grievances. Compl. at handwritten pp. 5 ½. et seq. Plaintiff seeks an award of $500,000 in damages, and injunctive relief in the from of a transfer to another institution.

On August 4, 2011, plaintiff filed a Motion to Amend the complaint, in which he apparently

---

[2]According to an online resource for medical definitions, a TB converter is a person who has been exposed to the disease and harbors it in the body.  Although a TB test administered to such a person turns positive, the immune system has contained the infection, clinical illness does not develop, and the person is not contagious.

seeks leave to substitute Ms. L. Ellis in place of T. Moore as a defendant in this action. Plaintiff states that he "inadvertently assigned / appointed the wrong parties his complaint," and he "would like to have them deleted," so it appears that plaintiff also may intend to voluntarily dismiss the remainder of the defendants named in the initial complaint. However, clarification of plaintiff's intent is unnecessary, because regardless of the person or persons named as defendants in this action, plaintiff's allegations fail to state a claim for which § 1983 relief is available. Accordingly, the complaint must be dismissed pursuant to § 1915A for failure to state a claim, and the motion to amend will be denied, as moot.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an

assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), and he must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In this case, plaintiff's claim that the administration of the TB injection amounted to deficient medical care fails to meet the requirements for an actionable Eighth Amendment violation. As to the first component of a Eighth Amendment claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Here, the swelling of plaintiff's arm, the quarter-size scar that allegedly resulted from the injection, and the alleged symptoms of night sweats and coughing are not "condition[s] of urgency" which would support an Eighth Amendment violation. Moreover, even were that not so, plaintiff's exhibits and allegations make it plain that jail officials were not deliberately indifferent "by either actual intent or reckless disregard" to his medical needs. When plaintiff filed an informal institutional complaint concerning the incident at issue, defendant T. Moore responded, "I read your chart and I only find that you were give [sic] the assessment sheet because you were past [positive]." Plaintiff himself states that Nurse Hopkins rejected his verbal assurance that he was only a TB converter and didn't need to take the injection because she didn't have any paperwork to verify plaintiff's statement. Compl. at 5. Far from bespeaking deliberate indifference to plaintiff's medical needs, these circumstances, taken as

5

true, appear to indicate that prison officials acted prudently in requiring plaintiff to receive the TB injection, because plaintiff earlier had tested positive for that disease and his assertion that he was only a converter could not be verified. At any rate, plaintiff's allegations fall short of stating a claim of constitutional dimension, and his claim of deliberate indifference to his serious medical needs must be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

To the extent that plaintiff alleges that defendants are liable to him based on the alleged breach of their contractual obligations to VDOC and PHS, plaintiff states no claim which is remediable under § 1983. To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, any duties which may be contractually owed by defendants to their employers cannot be the source of § 1983 liability to plaintiff. To the extent that plaintiff alleges that defendants are liable to him for failing to respond to his inmate grievances, an inmate has no constitutional right to a prison grievance procedure, and therefore a response or lack of response to a grievance cannot form the basis of a § 1983 claim. See generally Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Galloway v. Blake, Case No. 7:10cv96, 2010 WL 2326540 (W.D. Va. June 8, 2010).

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal

---

[3] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's application to proceed in forma pauperis (Docket # 2) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff's Motion to Amend Complaint (Docket # 3) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 22nd day of August 2011.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7